Battue, J.
 

 That an execution issuing upon a dormant judgment is irregular, and may be set aside upon the motion of the defendant, if made in proper time and under proper circumstances, is not disputed, Tidd’s. Prac. 1032. .But such execution, until set aside, is not void, and the officer to whom it is directed is bound to execute and sell under it,
 
 Dawson
 
 v.
 
 Shepard,
 
 4 Dev. 497;
 
 Brown
 
 v.
 
 Long,
 
 1 Ire. Eq. 190;
 
 State
 
 v.
 
 Morgan,
 
 7 Ire. Rep. 387. And the purchaser will acquire a good title to the property sold,
 
 Oxley
 
 v.
 
 Mizzle,
 
 3 Murph.
 
 *65
 
 Rep. 250. It is tbe undoubted duty of the Court to protect tlie interest of one who purchases under its own process, and hence it follows, as a necessary consequence, that when the interest of such purchaser intervenes, the Court cannot rightfully deprive him of his property, by setting aside the execution under which the purchase was made. The order of the County Court, as made in this case, was therefore wrong; but could an appeal be taken from it ? That question is answered by the recent ease of
 
 Williams
 
 v. Beasley, 13 Ire. Rep. 112, in which Ruffin, C. J., said, “it was a mistake to suppose that an appeal does not lie to the Superior Court from an order of the county court allowing an amendment, or setting aside a judgment for irregularity, as the contrary has often been deci-ced.” It is manifest that an order for setting aside an execution for irregularity, must be subject to the same rule. Tidd. Prac. 488, 489. The order of the Superior Court reversing that of the county court was therefore right, for the reason given, to wit, that the interest of a third person had intervened before the notice to set aside the process was made in the latter Court. This seems to be the result <}f all the cases bearing upon the question, to which our attention has been called by the counsel.
 

 Rut another objection is raised, that the purchaser of the land, Jethro Murphrey, was no party to the record in the County Court, and that he, therefore, had no right to appeal. It cannot be denied that he had an interest in the question of setting aside the execution. lie had bought and paid for the land sold under it, and it was more than two years afterwards, and after he had commenced an action to recover the land, before the defendants moved to set the executions aside. And even then, the motion was not made for the purpose of having the money collected, restored to the defendants, but solely to defeat the action which had been brought by the purchaser. As the restoration of the money was not asked, the purchaser was in truth, the only person interested in the order made, and we think he had a clear right of appeal given him by the first section of the 4th chapter of the Revised Statutes, “ con
 
 *66
 
 cerning Appeals and, proceedings in the nature of Appeals.” That section provides that, “ where any person, either plaintiff or defendant,
 
 or who shall be interested,
 
 shall be dissatisfied with the sentence, judgment or decree of any County Court, he may pray an appeal, &c., to the Superior Court of law,” &c., &c. The words “ or who shall be interested,” seem expressly to embrace the present case, and we have seen no authority against it, and should be sorry to find that there was one against so salutary a provision. The order of the Superior Court of law reversing that of the County Court, must be affirmed, and this opinion will be certified as the law directs.
 

 Pee Curiam. Judgment affirmed.