HARPER WILLIAMS v. MARY C. WILLIAMS and another, Adm'x.

*Docketing Dormant Judgments.*

1. The docketing a dormant justice's judgment in the superior court does not have the effect of reviving it, but merely brings it within the operation of the rule applicable to original judgments in that court. Before removal a new action is necessary to revive it.

2. *Quære* as to whether the transfer to the superior court should not be made before the dormancy of the judgment.

(*Oxley* v. *Mizle,* 3 Murp.. 250; *Murphrey* v. *Wood,* 2 Jones, 63; *Broyles* v. *Young,* 81 N. C., 315; *Dawson* v. *Shepherd,* 4 Dev., 497; *State* v. *Morgon,* 7 Ired., 387; *Weaver* v. *Cryer,* 1 Dev., 337, cited and approved.)

MOTION to vacate a judgment and set aside an execution heard at Spring Term, 1880, of DUPLIN Superior Court, before *Avery, J.*

The defendant appealed from the ruling of the court below.

*Mr. D. J. Devane,* for plaintiff.
*Mr. H. R. Kornegay,* for defendant.

SMITH, C. J. The plaintiff recovered judgment against the defendants before a justice of the peace on June 14th, 1873, for the sum of $104.57, and costs.

No execution issued thereon and in June or early in July, 1878, he brought his action on said judgment but failed to prosecute the same and submitted to a nonsuit.

Thereafter, on the 16th day of the month last mentioned, he obtained a transcript of the judgment from the justice and caused the same to be filed and docketed in the office of the superior court clerk of the county. On the same day he sued out execution returnable to fall term of the court, under which certain land of the defendant, Mary C. Williams, was levied on and sold, himself becoming the purchaser for the sum of ten dollars. On November 8th previous to the sale, the defendant served notice on the plaintiff of an intended motion to be made at the ensuing term to strike the transferred judgment from the record, and to set aside the execution under which the sheriff was then proceeding. The motion was accordingly made, and the appeal from the refusal to allow it brings up for consideration the merits of the defendant's application.

While a judgment rendered by a justice on its removal to the superior court becomes the judgment of that court, as if originally entered there, admitting of like remedies for its enforcement and subject to the same conditions, and may be revived when dormant as provided in C. C. P., §§ 255, 256, yet when not so removed, its vitality is lost after the lapse of a year from its rendition, and final process cannot then be sued out without further action on the part of the

plaintiff.   Bat. Rev., ch. 63, § 20, Rule 14.   As the purpose
of the removal allowed by the statute is to afford the cred-
itor "the more efficient and far-reaching executions and
process of the superior court" as well as the advantage of
the immediate lien on the debtor's land, as declared in the
opinion in *Broyles* v. *Young*, 81 N. C., 315, it may admit of
question whether if such results are to follow, the transfer
should not be made before the dormancy supervenes, so that
as the judgment could be enforced by process from the jus-
tice before and at the time of transfer, it was in a condition
to be enforced at once upon the docketing by the appro-
priate remedies afforded in the court to which it is removed.
But however this may be, and we intend to express no
opinion on the point, the removal of the judgment rendered
by the justice to the superior court and the docketing of it
there, cannot have the effect of restoring its lost life and ac-
tivity to a judgment which by lapse of time had become
incapable of being enforced by process emanating from the
tribunal in which it was rendered.

If dormant when removed, it remains dormant still, with
the difference that while before, a new action would be nec-
essary and a new judgment rendered upon the first, it be-
comes when docketed in the superior court essentially a
judgment of that court, and falls under the provisions of
the law applicable to original judgments in that court, alive
for three years for the purposes of process, and after a de-
layed action for that period without execution, renewed in
the same manner.

In the present case five years had passed since the rendi-
tion of the judgment by the justice before its removal, and
had it been at once removed it would have become dormant
even in the superior court; certainly the plaintiff's delay
ought not to defeat the limitations prescribed for the issuing
of final process in both tribunals.

But if a judgment which has become dormant can be

legally transmitted and docketed, it is still a dormant judgment authorizing execution only when on notice, motion and proof, allowed by the court as provided in C. C. P. § 256. It therefore issued irregularly and may be set aside at the instance of the debtor, *Oxley* v. *Mizle,* 3 Murp. 250 ; *Dawson* v. *Shepherd,* 4 Dev. 497 ; *State* v. *Morgan,* 7 Ired. 387, unless property sold under it has been bought by a stranger, when it will not be disturbed. *Murphy* v. *Wood,* 2 Jones 63.

When the plaintiff who sues out the process is himself the purchaser, no new rights having intervened, and the order withdrawing the execution and annulling the attempted sale under it, can be made to adjust the matter and restore the parties to their antecedent relations, the relief will not be refused. Indeed it has been declared that when a plaintiff sues out execution upon a dormant judgment and purchases property of the defendant under it, he acquires no title thereto. *Weaver* v. *Cryer,* 1 Dev. 337. In this case Chief Justice TAYLOR thus states the rule of law : " But with respect to the plaintiff in the judgment, as he sued out the execution irregularly, he cannot derive title under the sale so affected, though the exception could not be taken to it, if a stranger had become the purchaser."

In a separate opinion HENDERSON, J, also says that " as to the plaintiff in the judgment, the execution is no protection to him. He acted as a wrong doer in suing it out and is liable for the acts of the officer who acted under it, the maxim being *qui facit per alium facit per se.*

Whether the opinion of the chief justice is in harmony with the current of later decisions, which hold that process issuing upon a dormant judgment is voidable merely, and confers authority upon the officer to sell, unless set aside at the instance of the defendant, the defendant's motion made in apt time ought to have been granted and the abused process of the court recalled, so as to afford no protection, real or apparent, to the proceeding to obtain the defendant's land,

prosecuted as it was with full knowledge of the defendant's purpose to apply to the court to have it set aside.

There is error and this will be certified to the end that the execution be withdrawn and other proceedings had according to law.

Error.                                                     Reversed.