MARY RIPLEY, Guardian, v. ISAAC ARLEDGE et als.

*Evidence—Execution  Sale—Dormant  Judgment.*

1. It is discretionary with the trial Judge to allow a party to introduce his evidence in any order which he may desire.

2. The admission of immaterial evidence cannot be assigned as error.

3. Under the former practice, a purchaser at an execution sale on a dormant judgment, got a good title, when he was a stranger to the judgment.

4. In such case, the dormant judgment was only voidable, and the sheriff was bound to obey it, although it might be set aside at the instance of the defendant, before property had been purchased under it.

(*State* v. *Morgan*, 7 Ired., 387; *Weaver* v. *Crier*, 1 Dev., 337; *Oxly* v. *Mizle*, 3 Murph., 250; *Dawson* v. *Shepherd*, 4 Dev., 497; *Murphy* v. *Wood*, 2 Jones, 63; *Torkinston* v. *Alexander*, 2 Dev. & Bat., 87; *Smith* v. *Spencer*, 3 Ired., 256, cited and approved).

CIVIL ACTION, to recover land, tried before *Avery, Judge*, at Fall Term, 1885, of the Superior Court of HENDERSON county.

The plaintiff claimed title under a sheriff's deed, dated the 13th day of June, 1870, executed to him as purchaser at a sale had by said sheriff, under an execution issued upon a judgment in favor of Jesse McMinn, against C. F. Townsend and others; and the defendant, for his defence, relied upon a deed executed to him by said Townsend, dated the 10th day of June, 1866.

The following issues were submitted to the jury:

"1. Is the plaintiff the owner of the land in controversy?

"2. Was the defendant in the wrongful possession of said land, when the action was brought?

"3. What is the plaintiff's damages?"

It was admitted that both parties claimed under C. F. Townsend, and that J. H. Ripley was the only heir-at-law of J. W. Ripley, now dead, and that Mary Ripley was the regularly appointed guardian of the said J. H. Ripley; and that the defendant claimed under a deed executed by C. F. Townsend to Isaac Arledge, dated June 10th, 1866, which was put in evidence.

The plaintiff, in support of the title of her ward, offered in evidence a deed from T. W. Taylor, sheriff, to J. W. Ripley, reciting a judgment and execution, in the case of *Jesse McMinn* v. *C. F. Townsend and others*, for $269.60. The defendant objected to the introduction of the deed, but the Court admitted it, reserving the question as to its effect, till the plaintiff should offer the record of the judgment, &c., recited therein, which the plaintiff proposed to do. The defendant excepted to the evidence. The Clerk of the Superior Court was introduced as a witness, and testified that he was Clerk, and that the papers then offered in evidence by the plaintiff, were records of the Superior Court of Henderson county, on file in his office. The first record offered in evidence, was the judgment in the case of *Jesse McMinn* v. *C. F. Townsend and others*, for $269.60, with interest on $250, from April 1st, 1861, rendered at the Spring Term, 1861, of the Superior Court of Henderson county.

Several executions, issued at various intervals, were then offered, some of which were levied upon the lot in question, but in each case, the benefit of the levy was lost by *fi. fas.*, subsequently issued, until 1866, when an execution was issued on the 30th day of March of that year, tested of the Fall Term, 1865, and returnable to Spring Term, 1866, which the sheriff returned levied upon the lot in controversy, on the 12th of May, 1866.

The next evidence offered, was an entry on the execution docket, showing that a *ven. ex.*, with a *fi. fa.* clause, had been

issued from Fall Term, 1867, returnable to Spring Term, 1868, and issued on the 1st day of January, 1868, reciting a levy on the lot in question, and on three hundred acres of land, lying on the French Broad river.    On the execution the sheriff returned, "Suspended by Ordinance of Convention.".

The plaintiff then offered a memorandum on the judgment, in these words: " Alias *ven. ex.* and *fi. fa.,* issued to Spring Term, 1870, dated 19th February, 1870," and also an entry on the return of the said process, in the following words, to-wit: "Sold C. F. Townsend's interest as described in this *fi. fa.*, in a house and lot in the town of Hendersonville, on the 3rd day of June, 1870, to J. W. Ripley, he being the last and highest bidder, at the sum of $499.75, apply on this *fi. fa.* $400.65, balance applied on other executions." (Signed) T. W. Taylor, sheriff.

Mr. Pace, the Clerk of the Court, then testified that the *venditioni exponas,* under which the sale was made in 1870, was regularly issued by him, according to the recitals in the deed, and was returned by the sheriff, with the indorsements entered of record, and put in evidence as given above.    That the said *ven. ex.* could not now be found in the office, after diligent search, and according to the recollection of the witness, he last saw it when he gave it to the defendant Arledge, to be examined by his counsel in another action then pending, in which Arledge was plaintiff.    There was a good deal of evidence offered on the trial, upon the question whether the judgment under which the plaintiff claimed title, had been satisfied before the sale by the sheriff. There was a motion for a new trial, which was overruled. There was no exception taken to the charge of the Court, nor was there any request for additional instructions to the jury by defendant's counsel.

There was judgment for the plaintiff, and the defendant appealed.

No counsel for the plaintiff.
*Mr. A. Jones,* for the defendant.

ASHE, J. (after stating the facts).   In the Superior Court, the case was made to turn entirely upon the question whether the judgment under which the plaintiff claimed title to the lot in controversy, was satisfied before the sale by the Sheriff, but that point was settled by the verdict, which found all the issues, under the charge of the Court, in favor of the plaintiff.

There were only two exceptions taken by the defendant in the Court below.   The first was to the introduction of the Sheriff's deed by the plaintiff—but there was no ground for that exception, except as to the order in which the plaintiff should set forth his documentary evidence of title, and that was a matter in the discretion of the Judge.

The other was to the admission of the *ven. ex.*, issued in 1867, without the leave of the Court.   There was no merit in this exception.   It would not have affected the plaintiff's title in the least, if it had been excluded, for it was soon followed by another *ven. ex.* reciting the same levy, to-wit : that made on the 12th of May, 1866.   There was no exception at the time to the charge of the Judge, and no request for additional instruction by defendant's counsel, nor was there any objection except those above referred to, taken to any of the evidence offered on the trial.

But in this Court the defendant excepted to the charge of his Honor, insisting there was error in the instructions given to the jury.   His Honor, among other things, had instructed the jury, " that if any part of the judgment was still unsatisfied, the sale was valid, and passed a good title to the purchaser, and the jury should answer the first issue ' yes,' " the effect of which was to find that the plaintiff, J. H. Ripley, was the owner of the land in controversy.

The defendant alleged there was error in this instruction, contending, that even admitting the judgment was unsatisfied, the plaintiff had failed to establish his title to the land by the proofs he had offered.   He contended that after levy upon the land on the 12th of May, 1866, the plaintiff had sued out a *fi. fa.*, and by so doing had lost the benefit of the levy, and that no subse-

quent levy that might be made, could divest the title which the defendant had acquired by the deed executed to him by C. F. Townsend on the 10th of June, 1866. This would no doubt be true, if the position of the defendant was sustained by the facts of the case; but unfortunately for his position, the record does not show that any such execution ever issued, after the 12th of May, 1866. This levy was made under an execution bearing *teste* Fall Term, 1865, and returnable to Spring Term, 1866. The next process, was a *ven. ex.* with a *fi. fa.* clause, issued Feb. 5th, 1867, *tested* at Fall Term, 1866, and returnable to Spring Term, 1867. Then a *ven. ex.* with a *fi. fa.* clause was issued from Spring Term, 1867, returnable, we must assume, to Fall Term, 1867, by which a levy was made, as we infer, under the *fi. fa.* clause, upon three hundred acres of land, the property of the defendant, lying on the French Broad river, for the next execution issued, as shown by the record, was a *ven. ex.* with a *fi. fa.* clause, *tested* of Fall Term, 1867, returnable to Spring Term, 1868, issued the 1st of January, 1868, in which was recited the levy of the 12th of May, 1866, on the town lot, and the levy of the 11th Sept. 1867, on the 300 acres of land. No execution appears to have been issued after that, until 1870, when the *ven. ex.* was issued under which the land was sold by the sheriff. This must have been issued from Fall Term, 1869, returnable to Spring Term, 1870, which was then held in the month of June, so that the last *ven. ex.* was issued more than a year and a day after that issued on the 1st of January, 1868, returnable to the Spring Term of that year. But this could not affect the title of the plaintiff, for it has been decided by this Court, that a purchaser under an execution issued on a dormant judgment, will get a good title, when he is a stranger to the judgment. The execution is only voidable, and the sheriff is bound to obey it, though it may be set aside at the instance of the defendant. *State* v. *Morgan*, 7 Ired., 387. *Weaver* v. *Crier*, 1 Dev., 337, *Oxly* v. *Mizle*, 3 Murph. 250, *Dawson* v. *Shepherd*, 4 Dev., 497. But it is further held, that "it is erroneous to set

aside an execution issued upon a dormant judgment, when property has been purchased under it." *Murphy* v. *Wood,* 2 Jones, 63. In *Torkinston* v. *Alexander,* 2 Dev. & Bat., 87, the Court held, that "the levy operates as a lien, which sets apart the land levied on, for the satisfaction of the creditor's judgment," and as was held in *Smith* v. *Spencer,* 3 Ired., 256, the levy put the property in the custody of the law, until the debt should be paid, as against the defendant in the execution, and the levy creates a lien on the land, as did the judgment, when a writ of elegit was issued upon it, under the statute of Westminster 2nd, and that writ might be sued out to enforce the lien at any time, without regard to the "year and a day."

It was there held, that a purchaser from the defendant, was in no better condition than his vendor—it being the "direct operation of a lien created by execution, to prevent the defendant from defeating the execution by alienating, and to give the process the same effect against the property in the hands of the purchaser, as in those of the debtor himself."

But be this as it may, there was no exception taken upon this point, either in the Court below, or in the argument before this Court. Our conclusion is, the plaintiff has made out his title to the land in controversy, and the opinion of the Court is, there was no error. The judgment of the Superior Court is therefore affirmed.

No error.                                         Affirmed.