JAMES A. WOODARD and C. A. WOODARD v. W. C. PAXTON.

*Judgment—Execution—Limitations.*

A judgment rendered by a Justice of the Peace becomes dormant at the expiration of a year from its rendition; and docketing it in the Superior Court after that period. does not restore its vitality; it can only be revived by a new action before a Justice of the Peace.

WOODARD *v.* PAXTON.

This is a MOTION for leave to issue an execution, which was heard, upon appeal from the judgment of the Clerk of the Superior Court. of CHOWAN County, by *Montgomery, J.,* at Spring Term, 1888.

The plaintiffs, on the 23d day of December, 1877, recovered judgment against the defendant before a Justice of. the Peace for a sum within his jurisdiction, on which he issued execution on the 9th day of February following. Execution issued on the 30th day of September of the same year, and was returned with the officer's endorsement, "nothing to be found."

The judgment was docketed in the Superior Court of Chowan on January 13th, 1879, since which no execution has issued.

On December 19th, 1887, notice issued and was served on the defendant two days. thereafter, of the plaintiffs' intended application to the Clerk for leave to issue execution, and their motion was accordingly made, supported by the affidavit of one of them that the judgment remains unsatisfied, specifying the sum due. To the granting the motion the defendant interposed the defence of the statute of limitations, and the Clerk, sustaining the objection, refused the leave demanded, and dismissed the proceeding. Upon plaintiffs' appeal, the Judge presiding at the next term reversed the judgment of the Clerk and allowed the motion with costs, and from this judgment the defendant appeals to this Court.

No counsel for the plaintiffs.
*Mr. W. D. Pruden,* for the defendant.

SMITH, C. J., (after stating the case.) In our opinion there is error in the ruling which awards execution, and the motion should have been denied.

The period during which final process may be issued by a Justice of the Peace to enforce his judgment is limited to one year after its rendition, and it must be returnable sixty days thereafter. *The Code*, § 840, Rule 14. The judgment not having been docketed within this period, had therefore become dormant, and could only be given efficacy by a new action upon it, prosecuted before a Justice of the Peace. *The Code*, § 844. Its lost vitality could not be restored by a transfer to the docket of the Superior Court merely. It is there, if rightfully there at all, in an unchanged condition, and with all its infirmities adhering, as expressly decided in *Williams* v. *Williams*, 85 N. C., 383.

In the opinion in this case the right to transfer and docket a Justice's judgment that has become dormant, in its present condition, and, without a reviving adjudication, incapable of enforcement by direct final process was questioned, and an adverse intimation given, the Court using this language:

As the purpose of the removal allowed by the statute is to afford the creditor "the more efficient and far reaching executions and process of the Superior Court," as well as the advantage of the immediate lien on the debtor's land, as declared in the opinion in *Broyles* v. *Young*, 81 N. C., 315; it may admit of question whether, if such results are to follow, the transfer should not be made before the dormancy supervenes, so that as the judgment could be enforced by process from the Justice *before and at the time of transfer*, it was in a condition to be enforced at once upon the docketing, by the appropriate remedies afforded in the Court to which it is remove l. Our further reflections satisfy us that this is a sound interpretation of the law and resolve the doubt there expressed. Unless this restraint is put upon the right of removal, and if an effect is to be given to the docketing to impart life and activity to the judgment, which had been lost by neglect, we see no reason why the transfer may not

be allowed, when six and seven years have elapsed, and thus its life be prolonged for the full further period of ten years, a consequence giving a Justice's judgment advantages not possessed by one rendered in Court. We therefore hold that the removal must take place before the Justice's judgment has become dormant, so that only a change is made in the tribunals having cognizance, none in the nature of the judgment itself, and for this reason the docketing is inoperative, and does not warrant the present proceeding. The plaintiffs' remedy is, therefore, to be sought in an action based upon the judgment itself and prosecuted to a renewal. *Vide Broyles* v. *Young*, 81 N. C., 315.

The removal does not vacate the Justice's judgment, but leaves it in full force as such, except that any process to enforce it must, after docketing, be sued out of the Superior Court, and this pursues the law applicable to judgments originally rendered in that Court. *Morton* v. *Rippy*, 84 N. C., 611; *Cannon* v. *Parker*, 81 N. C., 320.

We do not see the pertinency of the plea founded on the long lapse of time, since the docketing for the case was not rightfully constituted in the Superior Court, and admitted of no such relief as demanded. There was error in the ruling which awards execution, and the judgment of the Clerk dismissing the proceeding should have been affirmed.

Reversed.