J. C. COWEN v. T. J. WITHROW et al.

*Justice's Judgment—Time of Docketing—Dormant—Sale Under Execution on Dormant Judgment.*

1. A judgment of a Justice of the Peace not docketed within a year from the date of its rendition is dormant and its lost vitality cannot be restored by docketing the same in the Superior Court, but only by a new action upon it.

2. A purchaser under an execution on a judgment of a Justice of the Peace docketed after the lapse of a year acquires no title although he be a stranger to the judgment and without notice.

ACTION for the recovery of land, tried before *Armfield, J.,* and a jury, at Special Term, 1894, of RUTHERFORD Superior Court.

The plaintiff claimed under a Sheriff's deed made in pursuance of a sale under execution on a judgment of a Justice of the Peace rendered on January 17, 1887, and docketed on January 18, 1888.    There was a verdict for the plaintiff, and from the judgment thereon the defendants appealed.

*Messrs. Forney & Gallert*, for defendants (appellants).
No counsel *contra.*

CLARK, J.: Judgment was obtained against T. J. Withrow before a Justice of the Peace on January 17, 1887, and docketed in the Superior Court on January 18, 1888. It was then dormant. *The Code*, §840, Rule 14. "Its lost vitality could not be restored by a transfer to the docket of the Superior Court." SMITH, C. J., in *Woodard* v. *Paxton*, 101 N. C., 26, and *Williams* v. *Williams*, 85 N. C., 383. If the judgment, either of a Justice of the Peace or of the Superior Court, is docketed while an execution could be issued on it, a purchaser under an execution issued after it becomes dormant, but within ten years, would get a good title if a stranger to the execution, as this plaintiff was. *Murphrey* v. *Wood*, 47 N. C., 63 ; *Ripley* v. *Arledge*, 94 N. C., 467; *Lyttle* v. *Lyttle*, 94 N. C., 683. The reason is given in the latter case, citing *Tarkinton* v. *Alexander*, 19 N. C., 87, and *Smith* v. *Spencer*, 25 N. C., 256, that the levy operated as a lien and set apart the land, put it in custody of the law, as under the writ of *elegit*, until the debt should be paid. The docketing of a judgment now has the same effect as the levy of an execution upon land formerly. If the judgment becomes dormant the lien still remains for the ten years, and if an execution issues within the ten years although judgment is dormant a purchaser without notice and who is not plaintiff in the execution is not fixed with constructive notice of the irregularity, and gets title by virtue of the lien.

But when a judgment of a Justice of the Peace becomes dormant by the lapse of one year it can only be given efficacy by a new action upon it (*Woodard* v. *Paxton, supra*), though if such judgment is docketed while still alive it does not become dormant unless there is a failure to issue execution for three years. *Williams* v. *Williams, supra; The Code*, §839. The judgment being incapable of enforcement in a Justice's Court without a new action after the

lapse of a year, its being docketed in the Superior Court did not give it validity (*Woodard* v. *Paxton, supra*) and conferred no lien. The purchaser under it, even a stranger without notice, acquired no title, just as if he had bought after the lapse of ten years without a levy of the execution. *McDonald* v. *Dickson*, 85 N. C., 248; *Lyttle* v. *Lyttle, supra.* These matters are not like the failure to keep the execution alive by its issue once at least in every three years (*The Code*, §440), but affect the judgment itself, which has no lien by being docketed, if it is dead when docketed, or when ten years have elapsed since docketing.

Error.