J. C. COWEN v. T. J. WITHROW et al.

*Action to Recover Land—Purchaser at Execution Sale—
    Unregistered Deed—Connor's Act—Notice—Provision
    for Registration.*

1. "Connor's Act," Ch. 147, Acts of 1885, providing that no purchase from a bargainor or lessor shall pass title as against an unregistered deed executed before December 1st, 1885, of which the purchaser has notice, applies to a purchase at sale under execution.

2. "Connor's Act," Ch. 147, Acts of 1885, which was ratified 27th January, 1885, provided that an unregistered deed should not be good against a subsequent but prior registered deed; it also provided that the Act should not, until January 1, 1886, apply to deeds executed before the ratification of the Act and that an unregistered deed should be good as against an after purchaser taking with notice thereof, and expressly repeals Sec. 1245 of *The Code* which requires registration of deeds within two years from their date.    *Held*, that by implication, Section 1245 of *The Code* was continued in force until January 1st, 1886, so as to authorize the registration of deeds, until then, of deeds previously executed.    (Associate Justices CLARK and MONTGOMERY *dissent*.)

ACTION to recover land, tried before *Winston, J.*, and a jury, at Fall Term, 1894, of RUTHERFORD Superior Court. There was judgment on a verdict for the plaintiff and defendant appealed. The facts are stated in the opinion of Associate Justice FURCHES.

*Messrs. Justice & Justice*, for plaintiff.
*Mr. S. Gallert*, for defendants (appellants).

FURCHES, J.: We are now considering this case for the fifth time, and propose to treat it on a different line from that heretofore pursued, with the hope it may not return to trouble us again.

This is an action of ejectment in which plaintiff alleges title in himself, and this is denied by defendants. This allegation of plaintiff and denial of defendants makes an issue of title, and plaintiff must recover, if he recovers at all, upon the strength of his title and not on the weakness of defendants' title. It is not necessary that defendants should do anything until plaintiff has shown that he is the owner of the land. If he fails to do this he must fail to recover.

But this is not the case with defendants. They need not show any title in them to defeat plaintiff's recovery. It is sufficient for them to show that plaintiff has no title to the land in controversy.

Plaintiff, recognizing the fact that the burden was on him, undertook to show that he was the owner; and to do this, introduced in evidence a deed from the sheriff of Rutherford County, dated the 3d day of December, 1888, for the lands in dispute, showing that they were sold as the lands of T. J. Withrow. He then placed in evidence three executions against T. J. Withrow based upon docketed judgments in Rutherford county. One of these judgments

was docketed on the 10th of September, 1885, and the other two after that time.   Possession of defendants being admitted, plaintiff closed his case and defendants undertook their defence.

The defendant P. J. Withrow offered in evidence a deed from T. J. Withrow to her for the lands in controversy, dated the 5th day of August, 1882, and registered on the 26th day of November, 1889.   This deed was objected to by plaintiff, objection sustained by the Court, deed ruled out and defendants excepted.

The defendant P. J. Withrow then introduced as a witness her husband T. J. Withrow, and offered to prove by him that before the plaintiff bought the land in controversy, he, witness, told the plaintiff that the land was not his, that he had sold it to P. J. Withrow, that she had paid him for it and he had made her a deed to the same.   She also proposed to prove by this witness that on the day of sale he gave public notice of the fact that he had sold the land to P. J. Withrow, that she had paid him for the same and that he had made her a deed therefor.   And that he informed J. C. Erwin, the agent of the plaintiff, who bid off the land for the plaintiff, before he bid off said land, of the facts above stated.   But all this evidence was objected to by plaintiff and excluded by the Court, and the defendants excepted.

Was there error in the Court excluding this evidence? If there was, the defendants are entitled to a new trial.   If there was not, the judgment should be affirmed.

The case on appeal does not state the grounds upon which the court held that the deed of T. J. Withrow to the defendant P. J. Withrow was incompetent.   It was registered, and there is no objection made to the sufficiency of the probate or to the form of the certificate.

It was for the very land then in controversy, and why it

was not *competent evidence* we are unable to see. As to what effect it should have upon the issues then before the Court, and being tried, was a different thing, and one proper for the instructions or rulings of the Court, according to its understanding of the law. We can conceive of no reason for excluding this deed, unless we hold. that a deed executed in 1882 could not be probated and registered in 1889. Indeed this was the ground upon which plaintiff's counsel undertook to sustain the ruling of the Court, in rejecting this evidence, in his argument before us,—that it was executed before December, 1885, and was not registered before December, 1885, and could not be registered after that time.

This Court is not prepared to give its sanction to this proposition. We can see no law to sustain such proposition, and we are glad we do not, as such a ruling at this time would unsettle the title to thousands of tracts of land in North Carolina that are considered settled. Then was there error in ruling out the testimony of T. J. Withrow? We have stated that plaintiff must recover, if he recover at all, upon the strength of his own title, and not for the want of a title in defendants. And this evidence, as we understand, was offered by defendants for the purpose of showing that plaintiff's deed was invalid. And if it would do this, or tend to do so, then it was competent and should have been received, and it was error to exclude it. We might stop here.

But the law as contained in Chapter 147, Acts 1885, p. 233, is that after December 1st, 1885, where a party purchases land, with the knowledge that another has purchased the same land and has a deed therefor dated prior to December 1, 1885, which has not been registered, the second purchaser shall acquire no title as against the prior unregistered deed. Then if this be the law, and the evidence

of T. J. Withrow would have proved or tended to prove that plaintiff had knowledge of the prior unregistered deed of the defendant, the evidence was competent and should have been admitted. Indeed it was not only competent, but bore directly upon the main issue in the case.

The defendant's deed being put in evidence, it seems to us there was but one issue left for the jury, and that was whether the plaintiff bought with knowledge of the defendant's deed, made in 1882.

This Court decided, when this case was here before, that notice to the agent Erwin was notice to the plaintiff (111 N. C., 306) but defendants here propose to prove actual personal notice. It was also contended by plaintiff that the Act of 1885 did not apply to plaintiff. That as he purchased at a Sheriff's sale, he was not such after-purchaser as was prevented from purchasing with knowledge of a former deed. But this Court has held otherwise, and we have no disposition to overrule that opinion (114 N. C., 558).

But it is contended by plaintiff that the judgment creditors of T. J. Withrow acquired liens on this land, attaching at the date of docketing their judgments, and that plaintiff by becoming the purchaser at execution sale stands in the shoes of, and has the benefit of said liens. We admit this proposition of law. But plaintiff got no more than T. J. Withrow had (granting that his deed is valid to pass title, and this is only admitted for this argument) and this was but the naked legal title, the equitable estate being in P. J. Withrow. And when her deed was registered in 1889 it became a perfect legal and equitable title, and related back to the date of her deed (*Phifer* v. *Barnhart*, 88 N. C., 333) and wiped out all estate that T. J. Withrow had in said land, and also the interest plaintiff had acquired under his deed.

And while we understand it to be admitted that this

would ordinarily be the case, yet it is claimed that this case is an exception to this general rule. It is contended that when the judgment of the *State* v. *T. J. Withrow* was docketed in 1885, the defendant, P. J. Withrow, could not have registered her deed. And this being so, the judgment liens attached and thereby took a priority. And this brings us to a consideration of the Act of 1885, Ch. 147. This act was ratified on the 27th of February, 1885, and provides in the fifth paragraph that it shall be in force from and after the first day of December, 1885. And it is further contended that section 1245 of *The Code* expired by limitation, upon the adjournment of the legislature in 1885, and that there was no law authorizing the registration of any deed, or other paper required to be registered, from the adjournment of the legislature of 1885 until January, 1886, and that deeds dated prior to December, 1885, cannot now be registered. This is an important question, not to say a startling one to us, and if true will probably unsettle the title to ten thousand tracts of land in North Carolina. It would be most remarkable, if this is true, that we have lived for ten years without discovering so important a matter as this.

We are not prepared to yield our assent to this proposition. The Act of 1885 certainly contemplated that the registration of deeds should go on. In the first section it provides that the provisions of this Act shall not apply to deeds, &c., until the first of January, 1886. Why and what reason was there for postponing the application of · this Act, which was to place deeds on the same footing as mortgages and to make them invalid against an after-purchaser, who gets his deed registered first, if the owner of the deed had no right to have his " prior deeds " registered ? Would it not be adding insult to the injury to notify the citizen that we will not apply the mortgage law to you

until the first of January, 1886, but in the meantime we will not let you register your deeds and perfect your titles ?

But again.   The second proviso of the same section ( Act 1885 ) provides that if any person shall purchase any land from any prior donor or lessor, it " shall avail or pass no title as against any unregistered deed executed prior to the first day of December, 1885, when the person or persons, claiming under such unregistered deed, shall be in the actual possession and enjoyment of such land, either in per son or by his or their tenants, at the time of the execution of such prior deed, or when the person or persons, claiming under or taking such second deed, had at the time of taking or purchasing under such deed actual or constructive notice of such unregistered deed or the claim of the person or per sons holding or claiming thereunder."

Can it be possible that the legislature would have made such a provision as this, without intending to provide a means by which such prior deeds might be registered ?   Or did the legislature intend to say to the holder of such deed that you cannot register it, but you had better be on the lookout, or some fellow will get your land ?   But again, the second section of this Act provides that persons holding unregistered deeds, executed prior to the first of January, 1856, may have them recorded without proving their exe cution, but " upon the affidavit of the holder, and that such deeds and affidavits shall be entitled to *registration* in the same manner and with the same effect as if proved in the manner prescribed by law for other deeds."   Why should the legislature say this if there was no means by which they could be registered ?   And the legislature is so anxious that everybody should have their deeds registered before the mortgage law applied that the fourth section reduces the fees of the clerks and registers on such deeds.   And the fifth section provides that the Secretary of State shall cause

this act to be published in at least three newspapers in each judicial district and shall send copies thereof to the clerks and registers to be posted in their offices. And the registers of each County shall cause the same to be posted in as many as four public places in each township in his county, for at least sixty days before this Act of 1885 goes into effect. Then why do all this, if no one could have any deed or contract registered?

We know as a matter of fact there never was such a harvest for Clerks and Registers. Almost everybody was rushing forward to get their deeds registered before the new act took effect. And we have no doubt that more deeds were registered in the year 1885 than had been registered in any other ten years in the history of the State.

It must be manifest that the Act of February, 1885, regarded section 1245 of *The Code* as continuing in force and effect until repealed by that Act. The first sentence in the Act of February, 1885, is to repeal section 1245 of *The Code.* This Act is to go into effect on the first day of January, 1886. Why then should the Act of February, 1885, which does not go into effect until January, 1886, by express terms, repeal section 1245, if this section had expired at the adjournment of the Legislature in March, 1885, as contended by the plaintiffs? We are not willing to cast that imputation upon the Legislature, and upon the learned gentleman, said to be the author of the Act of 1885, as it would do to say that this Act was passed in express terms, for the purpose of repealing an Act that would expire and be lifeless with the adjournment of the Legislature, and make the Act repealing it take effect eight or nine months after the Act they were repealing was dead.

Our opinion is that by clear implication the Act of February, 1885, continued in force Section 1245 of *The Code*, until it went into effect on the first day of January, 1886;

and that there has been no time since August 5th, 1882, when defendant might not have registered her deed. There is error and the defendant is entitled to a new trial.

New Trial.

CLARK, J. (dissenting): The plaintiff claims under a deed from the Sheriff upon execution sale against T. J. Withrow dated December 3, 1888, and registered December 11, 1888. The execution issued on two docketed judgments against him, one of them taken at Spring Term, 1885, and docketed. His homestead was laid off in other property, and this tract was returned as his property in excess September, 1888. The *feme* defendant claims under an alleged deed from her husband dated August 2, 1882, but not registered till November 26, 1889, nearly a year after the registration of the plaintiff's deed.

By Section 1245 of *The Code*, which is a copy of the law in force at the date of the deed to the *feme* defendant, such deed was not "good and available unless registered within two years after the date of said deed." It was not so registered and was therefore, like an unregistered mortgage, a nullity as to executions or liens against the grantor unless the two years' limitation was extended. No statute of extension has since been passed, unless the second proviso of Section 1, Ch. 147, Act 1885, be so construed. But it is unnecessary to construe it, for, granting it bears that construction, by its terms it only took effect December 1, 1885, and in the meantime, at the Spring of 1885, the lien of the judgment docketed against T. J. Withrow at a time when the alleged unregistered deed to his wife was a nullity (it being then more than two years "after date of said deed" in August, 1882) became a vested right which could not be divested by an Act taking effect thereafter on December 1, 1885. The sale under execution issuing on said judgment,

and deed thereunder to plaintiff dated back to the Spring of 1885, and the plaintiff acquired a good title. This is stated in the dissenting opinion of the two dissenting Judges in this case, 112 N. C., on page 743, and the opinion of the other three Judges, delivered by the then Chief Justice, in its concluding paragraph on page 739 impliedly concedes the proposition, but avoids it on the ground that the point was not made and no exception taken on the trial. This time the point was made and ruled in accordance with the intimation of the Court and the defendant excepted and appealed. Fraud was alleged, but His Honor excluded the proof offered to sustain the charge, as unnecessary, on the ground that the above principles entitled the plaintiff to recover, without going into the evidence of fraud.

The Act of 1885, Ch. 147, by its terms did not take effect till December 1, 1885. One of its provisions is the repeal of section 1245 of *The Code*. The plaintiff does not contend that the repeal of this section took place prior to December 1, 1885, when the rest of the act took effect. On the contrary he insists that section 1245 remained in full force till that date. By its terms the deed of T. J. Withrow was void and of no effect because not registered "within two years after the date of the deed," which was August 2, 1882. The deed being null and void as to the creditors of the grantor after August 2, 1884, just as an unregistered mortgage would have been, the judgment docketed against T. J. Withrow, Spring Term, 1885, conferred a vested right in the land which could not be disturbed by an act taking effect December 1, 1885. Such act might revive the rights of the holder of an unregistered deed, but it could not destroy liens acquired under the docketed judgment while the unregistered deed was null and void by the terms of the law then in force. It must be noted that *The Code*, Sec. 1245, did not extend the time for

the registration of deeds for two years from its ratification, which previous legislatures had been in the custom of doing as seems to be supposed, but simply kept in force the former act that deeds should not be " good and available " unless registered in two years " after date of the deed." The date of the deed being August 2, 1882, it ceased to be "good and available " August 2, 1884.   If revived, it could only be by virtue of the act taking effect December 1, 1885, for Section 1245 was the law up to that date.   Now, in the interval, while the deed was a nullity as to the creditors of the grantor, just as an unregistered mortgage would have been, the lien of the docketed judgment was acquired at the Spring Term, 1885.   The plaintiff, as purchaser under execution issued on that docketed judgment, gets a vested interest, thereby acquired, free from any subsequent rights or liens of the unregistered deed of the grantee, however conferred, by statute or otherwise.   This is the office and purpose of docketing judgments.   Otherwise, they would be of small use.   The plaintiff having acquired by purchase under execution issued thereon, the vested right and lien on the property conferred by such docketed judgment antedates any rights which could be conferred on the holder of the unregistered deed by the act, which did not take effect till December 1, 1885. Whatever the intent of the legislature may be supposed to have been, it had not the power, nor can it be supposed to have intended, to destroy vested interests in the land acquired by the lien of the docketed judgment before the act became operative.   So in *McKeithan* v. *Terry*, 64 N. C., 25, it was held that the lien acquired by a levy in 1867 could not be divested by the homestead provision of the Constitution adopted in 1868.   Such transactions as the one here attempted to be set up are the strongest example and vindication of the wisdom and necessity of the Act of 1885, *supra*.   The husband in possession of land under a regis-

tered deed continues to receive the rents and profits and to list and pay taxes on it in his own name. When his homestead is set apart, this is laid off as his excess, without exception. When the excess is offered for sale, then for the first time it is contended that the wife claimed that a deed had been made to her seven years before. When the plaintiff offers to show fraud and to rebut the evidence that the notice was even then given—the deed in fact not being recorded till a year later—His Honor excluded it (and properly) as unnecessary on the grounds above stated that the lien of the docketed judgment was not divested by the subsequent act of the legislature.

MONTGOMERY, J., concurs in this dissent.