# CHARLESTON.

## THOMAS *v.* HIGGS & CALDERWOOD.

Submitted January 25, 1910.    Decided November 15, 1910.

1. STATUTES—*Construction—Retrospective Effect.*
    The general rule is that statutes are, *prima facie,* to be construed as prospective and not retrospective in operation.

2. SAME.
    This rule is applicable to statutes remedial in nature, and applies also to statutes of limitation, unless by express command or by necessary and unavoidable implication a different construction is required.

3. JUSTICES OF THE PEACE—*Execution.*
    Chapter 45, Acts of 1897, amending section 131, chapter 50, Code, giving ten years instead of three years from the date of the entry of a judgment of a justice, or the date of the last execution thereon, within which execution may issue, does not apply to judgments of justices of the peace then dormant for want of execution thereon within three years from the date of entry thereof.

4. SAME.
    The filing in the clerk's office of a circuit court on July 3, 1901, of the transcript of the judgment of a justice pronounced December 14, 1893, and on which no execution had previously been issued, and causing execution to be then issued thereon by such clerk, was unlawful, and did not, by virtue of the amendment of 1897 of said section 131, chapter 50, Code, or otherwise, operate to revive said judgment or thereby make it the judgment of said court, as of that date, or so as to fix a new date from which the statute of limitations should begin to run.

Error to Circuit Court, Kanawha County.

Action by J. C. Thomas, administrator of one Stockton, against John Higgs and A. C. Calderwood. Judgment for plaintiff, and defendant Calderwood brings error.

*Reversed and Rendered.*

*Payne & Payne,* for plaintiff in error.

*J. W. Kennedy* and *Morgan Owen,* for defendant in error.

MILLER, JUDGE:

A writ of *scire facias* summoned defendants to show cause, if any they could, why the judgment of a justice, in favor of Smith & Stockton against John Higgs and Andrew Calderwood, partners as Higgs & Calderwood, rendered December 14, 1893, for the sum of $257.74, with interest and costs, should not be revived and execution issued thereon, in favor of J. C. Thomas, Administrator of the said Stockton, deceased, the last survivor of said co-partnership of Smith & Stockton, against the said defendants, Higgs & Calderwood.

The judgment below was that the judgment be revived, and that execution thereon do issue according to the writ, against A. C. Calderwood, the only defendant served, and he has brought the case here on writ of error.

It is shown, indeed conceded, that no execution had ever issued on said judgment within three years from the date of entry thereof, pursuant to section 131, ch. 50, Code, as that section stood prior to the amendment thereof by ch. 45, Acts of 1897. Before the amendment execution might issue on the judgment of a justice "at any time within three years from the entry of the judgment or the date of the last execution issued thereon, or if the judgment be revived, from the date of such revival." As amended, the statute now reads, "at any time within ten years from the entry of the judgment or the date of the last execution issued thereon, or if the judgment be revived, from the date of such revival."

Prior to the judgment appealed from there had never been any revival of the judgment of the justice.   Support of the judgment below is predicated on several grounds or theories.

First, it is claimed that although at the date of the amendment in 1897, of said section 131, ch. 50, of the Code, more than three years had elapsed after the entry of the judgment, without execution thereon, or revival thereof, nevertheless, as said amendment relates to the remedy, and action thereon, or *scire facias* to revive the judgment not then being barred, the amendment operated retrospectively to enlarge and extend the remedy by execution without revival to ten in place of three years, and that the filing of the transcript of the judgment in the office of the clerk of the circuit court, and causing execu-

tion to issue thereon on July. 3, 1901, pursuant to section 118 of said ch. 50, Code 1906, stayed the running of the statute of limitations, and fixed a new date from 'which to count time against the right to have other executions on the judgment or to revive the same by suit or *scire facias.*

Second, it is affirmed that as the statute fixed no time, within ten years from the date thereof, for filing in the clerk's office, of the transcript of the judgment of a justice, such judgment, by such filing, becomes to all intents and purposes the judgment of the circuit court, as of the date of the filing of the transcript, on which execution may thereafter issue, at any time within ten years from the date of the judgment, whether execution has been previously issued thereon or not, and that section 131, ch. 50, Code as amended by the Acts of 1897, and not section 10, ch. 139, Code 1906, controls the time within which, after the date of the judgment, execution or other process may issue thereon.

Did chapter 45, Acts 1897, operate retrospectively as claimed? This we conceive to be the pivotal question in the case, involved as it is in the first of the propositions relied on. The general rule undoubtedly is that statutes are, *prima facie,* to be construed as prospective and not retrospective in operation. *Burns* v. *Hays,* 44 W. Va. 503; *Walker* v. *Burgess, Id.* 399; *Maslin* v. *Hiett,* 37 W. Va. 15; *State* v. *Mines,* 38 W. Va. 125, 134; *Fowler* v. *Lewis,* 36 W. Va. 112. These cases hold the rule applicable to statutes remedial in their nature, and to statutes of limitation. See also 28 Cyc. 609. In *Maslin* v. *Hiett, supra,* it is said, point 2 of the syllabus, that "Statutes of limitations are never to be construed retrospectively, unless such construction is required by express command or by necessary and unavoidable implication." To the same effect is 1 Wood on Lim., section 12, and Endlich, Const. Stat., section 279. There is nothing in the act of 1897 commanding or necessarily implying that it is to have retrospective force. At that time the judgment involved here had been dormant several years. No execution could then have been issued thereon by the justice, nor could the plaintiff, after three years, have had execution thereof by filing a transcript of the judgment in the clerk's office of the circuit court. *Right* v. *Martin,* 11 Ind. 123; *Lindgren* v. *Gates,* 26 Kans. 135; *Brown* v. *Wuskoff,* 118 Ind. 569; *Williams* v. *Williams,* 85 N. C.

383. "By the common law", says Freeman, "a plaintiff who had obtained a judgment in a personal action was compelled to attempt to execute it within a year and a day. If he failed to do so, the right to execution upon that judgment was forever gone. The judgment remained a mere evidence of indebtedness, upon which an action could be brought." 1 Freeman on Ex. section 27. Except as modified by statute the rule of the common law still prevails. A plaintiff can not have execution on a judgment after the time given by statute, but he may have action or *scire facias* until the statute of limitations has barred him of these remedies also. Freeman, same section.

The foregoing would seem to be conclusive of the respective rights of the parties. But counsel for defendant in error insist on their second proposition, namely, that the filing of the transcript of the judgment in the clerk's office of the circuit court, under our statute, was in effect the entry of a new judgment. Section 118, ch. 50, Code 1906, gives that proceeding no such operation. The judgment of the justice is not thereby superseded. Execution may be thereafter issued by the justice, and the money collected thereon. The effect of the statute is to enlarge the remedy by giving execution, as if upon the judgment of circuit court. Such an execution, for example, may be sent into another county, and on suggestion, a garnishee residing there may be summoned to answer before the circuit court of that county. Section 10, ch. 141, Code 1906. Counsel for defendant in error in support of their contention cite us to a number of decisions from other states, among them, *Rose* v. *Henry,* 37 Hun. 397, citing *Kincaid* v. *Richardson,* 25 Hun. 237, 239; *Holton* v. *Schmarback,* (N. D.) 106 N. W. 36; *Phelps* v. *McCollam,* (N. D.) 88 N W. 292; *Rand & Co.* v. *Garner,* 75 Iowa 311, and *McCoy & James* v. *Cox,* 54 Iowa 595. These decisions are all controlled by statutes, most of them differing materially from ours. For example, the statute in New York, Code Civ. Proc., section 382, Subd. 7, barred action on the judgment of a justice after six years. This statute, according to New York decisions, was deemed to effect the remedy by action on the judgment only, and there being no limitation by Code Civ. Pro., section 3017, as to the time of filing a transcript, or docketing the judgment of a justice in the county clerk's office, or as to the time of issuing execution thereon, the common law limita-

tion of twenty years alone applied. The statute of New York was amended in 1894. Now the filing of such transcript and issue of executions is limited to six years after the rendition of the judgment. This statute before and after the amendment provided that thenceforth, (after the filing and docketing of the judgment) the same "is deemed a judgment of the county court of that county, and must be enforced accordingly." In North Dakota, a statute, relating to the filing of a transcript and docketing in the district courts, of a judgment of a justice of the peace, provides that, "from the time of the docketing thereof it becomes a judgment of such district court (for purposes of execution) and a lien upon real property." In *Holton* v. *Schmarback, supra,* the court says: "The period for issuing district court executions is limited by section 5500, Rev. Codes 1899, to 10 years from the entry of judgment. As applied to a justice court judgment, this means 10 years from its entry by the justice, and not 10 years from the filing of the transcript in the district court." This case is really opposed to the proposition for which it is cited.

The Iowa cases construe statutes unlike ours. In *Brown* v. *Wuskoff, supra,* on rehearing, counsel for petitioner, relying on these and other decisions, contended that the lien on real estate provided by the Indiana statute, continued for the period of ten years from the date of the filing of the transcript and docketing of the judgment of a justice in the county clerk's office, and not from the date of the judgment of the justice. The Indiana court differentiating the Iowa statute from the statute of that state held that the time should be counted from the date of the judgment of the justice, and not from the date of filing the transcript and docketing the judgment in the county clerk's office; and that a sale upon execution issued by the clerk of the court more than ten years after the date of the entry of the judgment by the justice would be enjoined at the suit of an intervening purchaser.

The case of *Williams* v. *Williams, supra,* the North Carolina case, we also regard as opposed to the proposition for which it is cited. The statute there renders the judgment of a justice, upon its removal to the superior court, the same as if originally pronounced in that court, enforcible by the same remedies, and to be revived in the same way, when dormant. The court held

in that case that "the docketing of a dormant justice's judgment in the superior court does not have the effect of reviving it, but merely brings it within the operation of the rule applicable to original judgments in that court," and that "before removal a new action is necessary to revive it." In the body of the opinion, pertinently to our case, the court says: "In the present case five years had passed since the rendition of the judgment by the justice before its removal, and had it been ·at once removed it would have become dormant even in the superior court; certainly the plaintiff's delay ought not to defeat the limitations prescribed for the issuing of final process in both tribunals."

It has been held by this and other courts, that the statute of limitations is a good defense to a writ of *scire facias* to revive a judgment. *Laidley* v. *Kline,* 23 W. Va. 565; *Handy* v. *Smith,* 30 W. Va. 195; *Jones* v. *George,* 80 Md. 294.

Our opinion is to reverse the judgment below, and enter judgment here that the writ of *scire facias* be quashed, and that the defendant below, plaintiff in error, recover his costs here and in the circuit court.                    *Reversed and Rendered.*